**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTOINE MAURICE MOORE,** ) | **CASE NO. 3:18 CV 2156** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **LUCAS COUNTY PROSECUTOR'S** ) | |
| **OFFICE,** ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Antoine Maurice Moore has filed a Petition Under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus*. (Doc. No. 1.) His Petition relates to a criminal case still pending against him in the Lucas County Court of Common Pleas, Case No. CR-18-2559. The Petition asserts One Ground for relief: that a motion to dismiss was filed in his criminal case pursuant to Ohio Rev. Code § 2937.04 because "the element of the charge do not support the amendment of the complaint filed." (*See id.* at ¶ 12.) The Petitioner indicates he has not exhausted this Ground because his criminal "case is still pending." (*Id.* at ¶ 12(b)).

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under Section 2254, a federal district court is required to examine a petition and determine whether "it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the petition must be summarily dismissed. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has a duty to "screen out" petitions that lack merit on their face).

The Court finds that this Petition must be dismissed. An application for a writ of *habeas corpus* under Section 2254 may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

The Petition on its face indicates that Petitioner has not fully exhausted his state remedies.

Further, federal *habeas corpus* relief is only available to review the merits of a state criminal charge prior to a judgment or conviction by a state court in "special circumstances." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (internal quotation marks and citation omitted). The Sixth Circuit has found that a federal court may consider a pre-trial *habeas corpus* petition when the petitioner has exhausted his available state court remedies and seeks a speedy trial, *Atkins v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981), seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of these grounds is asserted in the Petition.

Accordingly, regardless of the potential merits of the Petitioner's claims, on which the Court

expresses no opinion, the Petition is premature. The Petitioner's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and the Petition is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            UNITED STATES DISTRICT JUDGE

DATED: October 22, 2018